IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

ASHLEY HARRIS,
(On behalf of herself and
all others similarly situated),

    Plaintiff,

vs.

TRAVEL RESORTS OF
AMERICA, INC.,

    Defendant.
_____/

[Civil Action No. 562020CA001394AXXXHC in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County – Judge Barbara Bronis]

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441, 1446 and 1453, Defendant Travel Resorts of America, Inc., hereby removes this action from the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida to the United States District Court for the Southern District of Florida. Removal is proper on the following grounds:

### Background

1.    On September 17, 2020, Ashley Harris, on behalf of herself and all other persons similarly situated, filed a class action complaint in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida against Defendant Travel Resorts of America, Inc. ("TRA") as Case No. 562020CA-001394 (the "State Court Action"). A copy of the Complaint of which Defendant TRA received notice on September 19, 2020 in the State Court Action is attached as Exhibit "A."

2. Defendant TRA has not yet been served with process but received notice of the State Court Action on September 19, 2020.

## Venue

3. Plaintiff originally filed her action in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida. Venue is proper in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§1391 and 1441(a), because it encompasses the county in which the State Court Action was originally filed.

## Timely Removal

4. This Notice of Removal is timely filed, pursuant to 28 U.S.C. 1446(b), because it is being filed within thirty days of the first date (September 19, 2020) that Defendant TRA was put on notice of the filing of the State Court Action.

## Notice to the Plaintiff and Copies of Pleadings Attached

5. Concurrently with the filing of this Notice, Defendant TRA provided written notice of removal to counsel for Plaintiff and have filed a copy of this Notice with the Clerk of Courts for the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, as required by 28 U.S.C. § 1446(d), as attached as Composite Exhibit "B."

## The Parties

6. Plaintiff alleges that she is a resident of St. Lucie County, Florida and is, therefore, presumed to be a citizen of the State of Florida.

7. Defendant TRA is a Delaware corporation with its principal place of business in Southern Pines, North Carolina. Therefore, TRA is a citizen of the States of Delaware and North Carolina for diversity purposes.

### Basis for Federal Court Jurisdiction

8. The State Court Action is not a non-removal action as described in 28 U.S.C. §445. This matter is removable pursuant to federal question jurisdiction, 28 U.S.C. §1331, traditional diversity, 28 U.S.C. §§1441(a), 1332(a)(1), as well as the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§1453(b), 1332(d)(2).

### Federal Question Jurisdiction

9. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. Federal question jurisdiction, pursuant to 28 U.S.C. §1331, exists because Plaintiff asserts claims for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 379 (2012) (holding federal district courts have concurrent federal-question jurisdiction over private TCPA lawsuits).

### Complete Diversity Exists Between Named Plaintiff and Defendant

11. In addition, original jurisdiction is present pursuant to the diversity statute, 28 U.S.C. §1332(a)(1), which applies where there is a complete diversity between the named parties and the amount in controversy exceeds $75,000.

12. The parties here are completely diverse. Plaintiff is a citizen of Florida. Defendant TRA is a citizen of both Delaware and North Carolina.

13. Plaintiff's Complaint seeks to recover up to $1,500.00 in statutory damages for each of the alleged twenty calls she received which she contends violates the TCPA. In addition, Plaintiff seeks to recover up to $1,500 in statutory damages for calls alleged to have violated the

TCPA on behalf of the putative class, which Plaintiff contends is a numerous class of persons. (Complaint ¶36; Complaint at Prayer for Relief (f)).  As such, the stated amount of potential recovery by Plaintiff and the putative class exceeds $75,000.

14. Accordingly, diversity jurisdiction exists over this matter pursuant to 28 U.S.C. §1332(a).

## Class Action Diversity Exists Pursuant to CAFA

15. Also, this Court has jurisdiction pursuant to CAFA, which amended 28 U.S.C. §1332 to grant original jurisdiction over any class action in which any member of the putative class is a citizen of a State different from any Defendant and the amount in controversy exceeds $5,000,000.

16. "CAFA was enacted in order to encourage the litigation of certain class actions— cases of national importance -in federal courts, so as to minimize bias against out-of-state defendants and promote the fair application of state law to the multifarious parties in class actions." *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1197 (11th Cir. 2007).  The statute gives federal district courts subject matter jurisdiction over mass actions, provided that four requirements can be met. *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 751 (11th Cir. 2010). These requirements are: (1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact.. *Stillion v. United Bank, Inc. (In re Checking Account Overdraft Litig.*), 2012 U.S. Dist. LEXIS 200386 at *48-49 (S.D. Florida July 25, 2012).

4

17. Plaintiff's Complaint purports to allege claims on behalf of herself and of a nationwide class of persons to whom TRA allegedly delivered a pre-recorded message without first obtaining prior express written consent during the preceding four years. (Complaint ¶32, see also Complaint at ¶¶33-45, asserting class action claims, including numerosity, typicality, adequacy and commonality.) Therefore, this action is properly considered a "class action" under CAFA.

18. Diversity of citizenship exists, as Plaintiff is a citizen of a State different from the Defendant. Plaintiff is a citizen of the State of Florida, while Defendant TRA is a citizen of both Delaware and North Carolina.

19. For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated." 28 U.S.C. §1332(d)(6); see also *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d. 1312, 1316 (11th Cir. 2014).

20. "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). Therefore, "the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover" as a result of the lawsuit. *Id*.; see also *Dudley v. Eli Lily & Co.*, 778 F.3d 909, 913 (11th Cir. 2014). Stated another way, "for the amount-in-controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000).

21. In her Complaint, Plaintiff alleges claims on behalf herself and a putative nationwide class of persons to whom Defendant TRA allegedly delivered a pre-recorded message without first obtaining prior express written consent during the preceding four years.

(Complaint ¶32) Plaintiff's Complaint seeks to recover up to $1,500.00 in statutory damages for each of the alleged twenty calls she received which she contends violates the TCPA. In addition, Plaintiff seeks to recover up to $1,500 in statutory damages for calls alleged to have violated the TCPA on behalf of the putative class, which Plaintiff contends is a numerous class of persons. (Complaint ¶36; Complaint at Prayer for Relief (f)).

22. Plaintiff's request for relief also includes an Order enjoining Defendant from any future behavior that violates the TCPA. (Complaint at Prayer for Relief (e).)

23. In addition, Plaintiff has asserted a claim for attorney's fees (Complaint Prayer for Relief (g)), which, in addition to damages, sets the aggregate amount in controversy in excess of the CAFA jurisdictional minimum.

24. Based on the foregoing, there is a reasonable probability that the stakes exceed $5,000,000 in this litigation.

25. As such, Defendant TRA has established that federal jurisdiction is proper pursuant to CAFA's diversity provisions.

## Conclusion

26. By filing a Notice of Removal, Defendant TRA does not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

27. Further, Defendant TRA respectfully requests an opportunity to conduct limited discovery and submit additional argument or evidence on the issue of jurisdiction if Plaintiff challenges this Notice of Removal and such discovery or argument becomes necessary.

WHEREFORE, Defendant removes the above-styled action to this Court.

DATED: October 19, 2020

                Respectfully submitted,

By:    /s/NELSON C. BELLIDO
       Nelson C. Bellido
       Florida Bar No. 974048
       nbellido@roiglawyers.com
       Pleadings@RoigLawyers.com
       ROIG LAWYERS
       44 W. Flagler Street, Suite 2100
       Miami, FL 33130
       Telephone: (305) 405-0997
       Facsimile: (305) 405-1022

*Attorneys for Defendant, Travel Resorts of America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this 19th day of October, 2020, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

## SERVICE LIST

Frank S. Hedin
Hedin & Hall
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
fhedin@hedinhall.com


By:   /s/NELSON C. BELLIDO
      Nelson C. Bellido