UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 20-14368-CIV-CANNON/Maynard

**ASHLEY HARRIS**,
individually and on behalf of all
others similarly situated,

    Plaintiff,
v.

**TRAVEL RESORTS OF AMERICA**, **INC.**,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand [ECF No. 13], Defendant's Response in Opposition [ECF No. 17], and Plaintiff's Reply in Support of Remand [ECF No. 18]. For the reasons that follow, Defendant has failed to establish that this Court has federal subject-matter jurisdiction. Accordingly, this matter is **REMANDED** to the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida.

    **I.**    **Background**[1]

This is the second time Plaintiff's case has appeared in the Southern District of Florida. Plaintiff Ashley Harris originally filed a one-count class action on April 20, 2020, alleging that she received at least twenty unsolicited cellphone calls and voicemails from Defendant between January 29, 2020, and March 26, 2020. *See Harris v. Travel Resorts of America, Inc.* ("*Harris I*"), Case No. 20-14119-CIV-Middlebrooks, ECF No. 1 ¶ 21 (S.D. Fla. 2020). In that prior case, assigned to Judge Middlebrooks, Plaintiff sought to represent a putative nationwide class of

---

[1]     Unless otherwise noted, all ECF citations refer to case filings in the current docket.

persons to whom Defendant allegedly delivered pre-recorded messages without consent during the previous four years, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), *see* 47 U.S.C. § 227 *et seq*. [*Harris I*, ECF No. 1 ¶¶ 41- 57]. Defendant then moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff had failed to articulate facts plausibly establishing that she suffered an injury-in-fact under Article III of the United States Constitution [ECF No. 13-1, pp. 3-4].

In response to Defendant's challenge to Article III standing, Plaintiff filed an Amended Complaint with additional allegations aimed at bolstering her purported constitutional injury [*Harris I*, ECF No. 17]. Defendant then filed a second Motion to Dismiss under Rule 12(b)(1)— again arguing that Plaintiff still failed to allege an injury-in-fact within the meaning of Article III [ECF No. 13-2, pp. 2-5]. At that point, in August 2020, after Defendant twice disputed the presence of a constitutional injury, Plaintiff voluntarily dismissed her federal case and refiled it in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida [ECF No. 1-2].

Plaintiff's class action complaint remained in state court for roughly two months until October 2020, when Defendant changed course and decided to remove the action back to federal court, prompting the instant action [ECF No. 1]. Nothing in Plaintiff's class action complaint had changed since Defendant previously moved to dismiss it on the basis of no constitutional injury; Plaintiff's allegations remained the same, including the requested relief; and Plaintiff still sought relief on behalf of a putative nationwide class of individuals who received unlawful communications during the same four-year period. The only pertinent development was the Supreme Court's intervening decision in *Barr v. American Association of Political Consultants*, 140 S. Ct. 2335 (2020), in which the Court severed the TCPA's debt-collection exception from the remainder of the statute because it violated the First Amendment. *Id.* (holding that the debt-

collection exception to TCPA's robocall restriction was an unconstitutional content-based restriction in violation of the First Amendment and severing it from the remainder of the statute—leaving TCPA's entire robocall restriction in force). On the basis of *Barr*, Defendant removed the case to federal court, claiming that it was "entitled to a ruling" on the threshold applicability of *Barr* to pre-*Barr* robocalls [ECF No. 17, p. 2], and then moved swiftly to dismiss Plaintiff's complaint on the basis of *Barr* [ECF No. 6, pp. 4-5 (arguing that no call prior to *Barr* implicates the TCPA because the TCPA prior to *Barr* was entirely invalid)].

This brings us to Plaintiff's instant Motion to Remand [ECF No. 13]. Plaintiff argues that Defendant, as the removing party, has failed to establish federal subject-matter jurisdiction because it has not established Plaintiff's Article III injury-in-fact, citing as support Defendant's prior filings seeking dismissal for lack of an Article III injury [ECF No. 13, pp. 3-5]. Defendant opposes remand, insisting that, notwithstanding its earlier view, it no longer challenges "the adequacy of the tangible and intangible harm as pled by Plaintiff" [ECF No. 17, p. 7]. Defendant thus urges the Court to exercise jurisdiction over the case, citing the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2), and "request[ing] a ruling on the disputed issue of whether the TCPA's ATDS/prerecorded voice provision . . . was unconstitutional and unenforceable at the time Plaintiff alleges to have received pre-recorded voicemails from Defendant" [ECF No. 17, p. 3].

**II.    Legal Standard**

A federal court should remand to state court any case that has been improperly removed. 28 U.S.C. § 1447(c). The party attempting to invoke the federal court's jurisdiction bears the burden of establishing that jurisdiction. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F. 3d 1309, 1314 (11th Cir. 2002). Even when a party fails to raise the issue of subject-matter jurisdiction, its "delineations must be policed by the courts on their own initiative." *Ruhrgas AG*

*v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *accord Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.").

The "district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The district courts also have expanded federal subject-matter jurisdiction over large class action lawsuits in accordance with CAFA. *See* 28 U.S.C. §§ 1332(d), 1453. Even so, regardless of the existence of a federal statute or the presence of a large class action, the Court cannot exercise subject-matter jurisdiction over the case unless the requirements of Article III standing are met, *see Raines v. Byrd*, 521 U.S. 811, 820 (1997), and that, of course, requires the familiar standing trilogy: an injury-in-fact that is fairly traceable to the defendant's action and that can be redressed by a favorable decision. *See generally Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

**III.   Discussion**

To establish an injury in fact, a plaintiff must show, not only "an invasion of a legally protected interest," but also a "concrete and particularized" injury that is "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. The injury, in short, must be "real" and not "abstract." *Spokeo*, 136 S. Ct. at 1548.

Defendant has not established that Plaintiff's allegations satisfy that standard.

First, as a preliminary matter, Plaintiff disclaims that she suffered a constitutional injury sufficient to confer Article III standing in this case. As the history of this case indicates, Plaintiff

originally brought her TCPA claim in this Court, but then she voluntarily dismissed her suit and filed it in state court following Defendant's back-to-back motions to dismiss for lack of Article III standing [ECF No. 13, p. 5 ("Defendant had it right the first two times: pursuant to controlling Eleventh Circuit precedent, subject-matter jurisdiction cannot be exercised over this dispute.")]. Moreover, although Defendant artfully chooses—at this stage—not to dispute the adequacy of Plaintiff's injury, Defendant conspicuously declines to admit that it caused Plaintiff a concrete and particularized injury. Taken together, these party positions frame the degree of purported injury at issue, even if they are not dispositive.

Second, applying TCPA caselaw on the requirement of Article III injury, Plaintiff's allegations are insufficient. Most relevant is *Salcedo v. Hanna*, 936 F. 3d 1162 (11th Cir. 2019), where the Eleventh Circuit found that a plaintiff who alleged generally that he wasted time reviewing a single unsolicited text message—without alleging a particular lost opportunity—had not established a concrete injury sufficient to confer Article III standing. *Id.* at 1168. The Eleventh Circuit later applied *Salcedo* in *Grigorian v. FCA US LLC*, 838 F. App'x 390 (11th Cir. 2020), again finding insufficient allegations of injury. The plaintiff in *Grigorian* alleged that she lost personal time listening to a single prerecorded voicemail message on her cell phone, but she did not provide facts to show that the single voicemail "rendered her phone unavailable to receive legitimate calls or messages for any period of time." *Id.* at 394.

Here, it is not evident that Plaintiff has alleged an Article III injury. In Plaintiff's operative complaint, filed in state court and removed to this Court, she states that she was "forced to expend time" listening to the voicemails [ECF No. 1- 2 ¶ 28]. She also alleges generally that the "receipt of Defendant's unauthorized calls and voicemails drained Plaintiff's phone batteries and caused Plaintiff additional electricity expenses and wear and tear on her phone and battery"

[ECF No. 1- 2 ¶ 29]. But she does not allege how much time was expended, how much electricity expense was incurred, what tangible damage her phone suffered from the receipt of these voicemails, or what lost opportunity she suffered as a result of the unauthorized communications. *See Mittenthal v. Fla. Panthers Hockey Club, Ltd*., 472 F. Supp. 3d 1211, 1225 & n.3 (S.D. Fla. 2020) (rejecting a battery-depletion argument in the context of Article III standing in part because the allegations in the complaint did not establish that the offending messages caused any battery depletion). Added to these gaps is the additional reality, noted earlier, that Plaintiff herself abandons the presence of a concrete injury as required by Article III and Eleventh Circuit precedent [ECF No. 13, p. 5].

Third, it is Defendant's burden as the removing party to establish federal subject-matter jurisdiction. Defendant relies heavily on CAFA and the Eleventh Circuit's decision rejecting an anti-removal presumption in CAFA cases. *See Dudley v. Eli Lilly & Co*., 778 F. 3d 909, 912 (11th Cir. 2014) [ECF No. 17, p. 4]. But CAFA does nothing to relieve the removing party of establishing federal subject-matter jurisdiction, and Article III is an indispensable part of that. *See Simon v. E. Kentucky Welfare Rts. Org*., 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.").

For these reasons, absent an Article III injury, the Court lacks subject-matter jurisdiction over this case and must remand the matter to state court.

IV. **Attorneys' Fees**

In Plaintiff's Motion to Remand, Plaintiff seeks reimbursement of its costs and fees incurred in preparing its Motion to Remand [ECF No. 13, pp. 6-17; ECF No. 18, p. 6]. Plaintiff argues that Defendant lacked any reasonable basis for removal because Defendant itself opposed

federal subject-matter jurisdiction twice before and now has reversed course—removing this case back to federal court and imposing unnecessary costs in the process [ECF No. 13, p. 7]. Defendant responds that attorneys' fees are unwarranted, notwithstanding its earlier position, because the Court has jurisdiction over this matter pursuant to federal question, diversity, and CAFA jurisdiction, and that any question of standing remained undecided by a federal court upon Plaintiff's voluntary dismissal [ECF No. 17, pp. 9-10].

Under the unusual circumstances of this case, an award of attorneys' fees under 28 U.S.C. § 1447(c)—the amount of which is yet to be determined—is appropriate to compensate Plaintiff for its costs in seeking remand. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Cap. Corp*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). Defendant twice argued before this Court, in no uncertain terms, that Plaintiff lacked Article III standing to pursue her TCPA claim [ECF No. 13-1, pp. 5-7; ECF No. 13-2, pp. 6-8]. After the first such motion to dismiss, Plaintiff tried to amend her complaint to cure the Article III problem, but Defendant again moved to dismiss for lack of an Article III injury. At that point, Plaintiff voluntarily dismissed her complaint in federal court and refiled in state court. But then Defendant took the odd step of bringing this case back to federal court on the view that it was "entitled" to a ruling on the applicability of the TCPA as to pre-*Barr* robocalls. Yet nothing about Plaintiff's allegations had changed in the interim; the allegations in Plaintiff's complaint are the same, including the prayer for relief; the class action nature of the complaint is the same; and nothing in *Barr* resurrects Plaintiff's Article III standing. Under these unusual circumstances of unjustified litigation whiplash, plaintiff is due to be reimbursed for its attorneys' fees associated with the instant remand motion.

CASE NO. 20-14368-CIV-CANNON/Maynard

V.  **Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [ECF No. 13] is **GRANTED**.

2. This action is **REMANDED** to the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida.

3. Plaintiff is hereby given leave to raise its request for attorneys' fees in a separately filed and properly supported Motion for Attorneys' Fees, due on or before **April 23, 2021**. Any such motion must be filed in accordance with Local Rule 7.3 and be limited only to Plaintiff's costs in connection with the instant Motion to Remand [ECF No. 13, p. 7].

4. The Clerk of the Court is directed to **CLOSE** the case, and all pending motions are **DENIED AS MOOT**, but the Court retains jurisdiction over Plaintiff's forthcoming motion for attorneys' fees.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 31st day of March 2021.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record